NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOMERO MARTINEZ-ZAVALA, | No. 16-73870 |
| Petitioner, | Agency No. A094-774-152 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022**
Pasadena, California

Before: LEE and BRESS, Circuit Judges, and FITZWATER,*** District Judge.

Homero Martinez-Zavala, a citizen of Honduras, petitions for review of a

Board of Immigration Appeals ("BIA") decision dismissing his appeal of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Immigration Judge's ("IJ") order denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We review for substantial evidence and may grant relief only if the facts compel a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Substantial evidence supports the denial of withholding of removal based on the IJ's adverse credibility determination. To support an adverse credibility finding, "the [agency] must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009) (quotations omitted). "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021). Here, the IJ and BIA identified two critical inconsistencies in Martinez-Zavala's account, which are based on substantial evidence.

*First*, the BIA found it implausible that Martinez-Zavala would fail to mention until his in-court testimony that "a well-known high ranking police officer personally made a direct threat against his daughter's life right in front of him." The BIA could reasonably conclude that an omission of this magnitude bore on Martinez-Zavala's credibility. The record also reflects that the asylum officer asked Martinez-

Zavala various questions to which this information was responsive. The BIA was thus justified in concluding that Martinez-Zavala had failed to provide a satisfactory explanation for this critical omission. *See Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (holding that an omission of material details "constitute[d] substantial evidence to support the BIA's adverse credibility determinations"); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (holding that "an adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application.'") (quotations omitted).

*Second*, the BIA found petitioner's reasonable fear interview inconsistent with his later declaration stating that his business was burned down in 2012. Petitioner concedes that he did not discuss this incident during his asylum interview, despite the asylum officer's asking questions that could have prompted the disclosure of this information. The BIA could reasonably conclude that Martinez-Zavala failed to offer a credible explanation for not mentioning this alleged incident earlier. *See Kin*, 595 F.3d at 1057.

Based on these discrepancies, the agency reasonably concluded that Martinez-Zavala was not credible and had not met his burden of proof for his withholding of

removal claim.[1]

2. Substantial evidence also supports the denial of CAT relief. Martinez-Zavala has not demonstrated that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Aside from testimony that is not credible, Martinez-Zavala points to no other evidence showing he will likely be tortured in Honduras.

**PETITION DENIED.**

---

[1] The BIA also concluded that Martinez-Zavala testified inconsistently about whether the police were extorting him. The record less clearly supports this conclusion. But the remaining grounds for the BIA's decision are sufficient to sustain the adverse credibility finding. *Alam*, 11 F.4th at 1137 (instructing that in reviewing an adverse credibility determination that is partially supported in the record we must "look to the totality of the circumstances and all relevant factors").